IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BEUMER CORPORATION and<br>BEUMER KANSAS CITY, LLC, | )<br>)<br>) |  |
| Plaintiffs, | )<br>) |  |
| v. | )<br>) | Case No. 4:16-mc-9022 |
| PROENERGY SERVICES, LLC and<br>WESTERN SURETY COMPANY, | )<br>)<br>)<br>) |  |
| Defendants. | ) |  |

**SUGGESTIONS IN SUPPORT OF MOTION OF PLAINTIFFS
BEUMER CORPORATION AND BEUMER KANSAS CITY, LLC
TO CONFIRM FINAL ARBITRATION AWARD**

For the reasons discussed below, the Court should issue an order that (i) confirms the Final Award entered by arbitrator Gregory Cokinos in this matter on November 18, 2016; (ii) enters judgment in favor of plaintiffs Beumer Corporation and Beumer Kansas City, LLC (collectively "Plaintiffs"), and against defendants ProEnergy Services, LLC ("ProEnergy") and Western Surety Company ("Western"), jointly and severally, in the principal sum of $891,382.53, plus interest on this amount at the rate of nine percent (9%) per annum since September 14, 2016;[1] (iii) enters judgment in favor of Plaintiffs and against ProEnergy in the principal sum of $916,027.09, plus interest on this amount at the rate of nine percent (9%) per annum since November 18, 2016;[2] (iv) awards Plaintiffs the costs of this action; and (v) awards Plaintiffs such additional relief the Court deems just and equitable.

---

[1] As of November 30, 2016, this amount totals $16,924.06. Interest on this amount will continue to accrue at the rate of $219.79 per day until such award is satisfied. RSMo § 408.020

[2] As of November 30, 2016, this amount totals $2,710.44. Interest on this amount will continue to accrue at the rate of $225.87 per day until such award is satisfied. Id.

## I. JURISDICTION AND VENUE

1. Beumer Corporation is a Delaware corporation that maintains its principal place of business and "nerve center" in Somerset, New Jersey. Hence, for purposes of diversity jurisdiction, Beumer Corporation is considered to be a citizen of the states of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-96 (2010).

2. Beumer Kansas City, LLC ("Beumer KC") is a Delaware limited liability company. Beumer KC has one member: Beumer Corporation, which is a Delaware corporation that maintains its principal place of business and "nerve center" in Somerset, New Jersey. Hence, for purposes of diversity jurisdiction, Beumer KC is considered to be a citizen of the states of Delaware and New Jersey. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

3. ProEnergy is a Missouri limited liability company. On information and belief based on ProEnergy's disclosures in another action[3], ProEnergy has one member: ProEnergy & Affiliates, Inc., which is a Missouri corporation that maintains its principal place of business and "nerve" center in Sedalia, Missouri. Hence, for purposes of diversity jurisdiction, ProEnergy is considered to be a citizen of the state of Missouri. 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 92-96; *OnePoint Solutions*, 486 F.3d at 346.

4. Western Surety is a South Dakota insurance corporation that maintains its principal office in Sioux Falls, South Dakota. Hence, for purposes of diversity jurisdiction,

---

[3] *See* Corporate Disclosure Statement of Plaintiff ProEnergy Services, LLC (Doc. 8) filed on June 28, 2016 in *ProEnergy Services, LLC v. Hess Corp., et al.*, Case No. 1:16-cv-00078-DLH-CSM, United States District Court for the District of North Dakota.

Western Surety is considered to be a citizen of the state of South Dakota. 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 92-96.

5. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

6. Pursuant to 9 U.S.C. § 9, jurisdiction and venue are proper in this court and judicial district because (i) the underlying arbitration agreements are silent as to the court in which actions to enforce any resulting awards should be filed and (ii) this is the United States court in and for the judicial district in which the arbitration award sought to be confirmed was made.

## II.    SUMMARY OF BACKGROUND FACTS

5. In October 2011, Beumer Corporation and Kentucky Utilities, as general contractor and owner, respectively, entered into a contract ("Prime Contract") concerning a construction project at the Kentucky Utilities Ghent Station in Ghent, Kentucky ("the Project"). Under the Prime Contract, Beumer Corporation was to furnish design services, construction services, equipment and materials for the construction of a 1.5-mile pipe conveyor system and a truck loading station for the Project.

7. In November 2011, Beumer Corporation and ProEnergy entered into a written contract entitled "Contractor Agreement—Kentucky Utilities—Pipe Conveyor System Project-Ghent" ("First Agreement"). The First Agreement provided for the purchase and sale of certain products and services in interstate commerce. Among other things, ProEnergy was to furnish and fabricate structural steel for the Project, as well as provide detail and section drawings for the structural steel. A true and correct copy of the First Agreement is attached as <u>Exhibit A</u>.

8. In December 2012, Beumer KC and Pro Energy entered into a written contract entitled "Contractor Agreement—Kentucky Utilities—Pipe Conveyor System Project-Ghent" ("Second Agreement"). The Second Agreement also provided for the purchase and sale of certain products and services in interstate commerce. Among other things, ProEnergy was to furnish and fabricate structural steel for the Project, as well as provide detail and section drawings for the structural steel. A true and correct copy of the Second Agreement is attached as Exhibit B.

9. The First Agreement and Second Agreement both state they "will be subject to, governed by and construed in accordance with the laws of the State of Missouri, without giving effect to its conflict of law rules." Exh. A, § 20; Exh. B, § 20.

10. Both agreements provide "[a]ny controversy or claim not successfully mediated shall be finally determined by arbitration administered by the American Arbitration Association ("AAA") under the AAA's Commercial Arbitration Rules . . . ." Exh. A, § 21.2; Exh. B, § 21.2.

11. The First Agreement and Second Agreement both specify that "[t]he arbitration shall be conducted in [the] State of Missouri, County of Jackson." Exh. A, § 21.2(ii); Exh. B, § 21.2(ii).

12. Both agreements state that "[t]he arbitrator shall issue a written award and opinion with findings of fact and conclusions of law" and "[t]he arbitrator may include in the award payment to either party of its reasonable attorney's fees and other expenses incurred in connection with the arbitration." Exh. A, § 21.2(iv)-(v); Exh. B, § 21.2 (iv)-(v).

13. The First Agreement and Second Agreement both provide that "[a]ny award rendered by the arbitrator shall be final and binding on the parties and may be entered in any court having jurisdiction over the parties." Exh. A, § 21.2(vi); Exh. B, § 21.2(vi).

14. Both agreements state that "only the State Court of Missouri, Jackson County or the United State District Court for the District of Missouri . . . shall have exclusive jurisdiction over any judicial proceeding," such as an "action or proceeding . . . to enforce or vacate an arbitral award rendered in accordance with [the agreements]." Exh. A, § 21.2; Exh. B, § 21.2.

15. A dispute arose regarding the adequacy and timing of ProEnergy's performance under the First Agreement and Second Agreement, which led to Beumer Corporation and Beumer KC to withhold certain funds from ProEnergy. Accordingly, pursuant to and consistent with the terms of the First Agreement and Second Agreement, the dispute was submitted to binding arbitration administered by the AAA ("Arbitration Proceeding").

16. ProEnergy initiated and was the claimant in the Arbitration Proceeding. ProEnergy asserted claims against Beumer Corporation and Beumer KC for breach of contract, violation of the Missouri Private Prompt Payment Act, wrongful termination, and quantum meruit. ProEnergy claimed and sought to recover approximately $500,000 in damages, plus interest and attorney's fees.

17. When the Arbitration Proceeding was commenced, Beumer KC was the lone respondent; however, Beumer Corporation was subsequently joined as an additional respondent.

18. Beumer Corporation and Beumer KC filed counterclaims against ProEnergy for breach of contract, breach of the implied covenant of good faith and fair dealing, and indemnification. Beumer Corporation and Beumer KC collectively claimed and sought to recover approximately $2.3 million in damages, plus interest and attorney's fees.

19. Beumer Corporation and Beumer KC also joined and asserted third-party claims against ProEnergy's surety, Western Surety, in the Arbitration Proceeding. They asserted

various claims against Western Surety seeking recovery under a performance bond that Western Surety posted on the Project.

20. The parties, through the auspices of the AAA, jointly selected Gregory Cokinos, a lawyer with the firm of Cokinos, Bosien & Young in Houston, to serve as their sole arbitrator.

21. Mr. Cokinos held evidentiary hearings in the Arbitration Proceeding on April 4-8, May 9-11, and May 16, 2016. The hearings were held at the offices of Lathrop & Gage in Kansas City, Jackson County, Missouri. All parties except Western Surety were represented by counsel at the hearing.

22. The parties presented evidence and arguments at the evidentiary hearings. The parties also submitted extensive pre-hearing and post-hearing briefs to the arbitrator.

23. On September 14, 2016, Mr. Cokinos issued an Interim Amended Award in the Arbitration Proceeding, a copy of which is attached as Exhibit C. In the Interim Amended Award, Plaintiffs were jointly awarded the sum of $891,382.53 from ProEnergy and Western Surety, jointly and severally:

> Respondent Beumer Corporation, aka Beumer Kansas City LLC is hereby awarded the sum of **$699,702.39** from ProEnergy Services, LLC and Western Surety, jointly and severally, plus pre-judgment interest running from **August 31, 2013** to the date of the interim award at the rate of nine percent pursuant to Missouri law (RSMo Section 408.020) in the total amount of **$191,680.14**, plus post-judgment interest running from the date of the interim award until paid at the rate of nine percent pursuant to Missouri law (RSMo Section 408.020).

Exh. C, p. 14.

24. In the Interim Amended Award, Mr. Cokinos also found that Plaintiffs were entitled "to an award of reasonable attorney's fees, costs and expenses," the amount of which was to be determined by Mr. Cokinos if the parties were unable to agree on the amount:

> Respondent Beumer Corporation is also entitled to an award of reasonable attorneys' fees, costs and expenses. Counsel is to advise the AAA within 30 days of the date of this Interim Award of any agreement on the award of fees, costs and expenses. In the event of an agreement as to the award of fees, costs and expenses, this Interim Award will be converted to a Final Award. If after 30 days of the date of this Interim Award, the parties are unable to reach agreement on the award of fees, costs and expenses, then a hearing will be scheduled to make that determination after which time this interim Award will be converted to a Final Award.

Exh. C, pp. 14-15.

25. The parties were unable to agree on the amount of attorney's fees, costs and expenses to be awarded to Plaintiffs. Hence, Mr. Cokinos held a hearing on the attorney's fee issue on October 19, 2016.

26. On November 18, 2016, Mr. Cokinos issued his Final Award in the arbitration proceeding, a copy of which is attached as <u>Exhibit D</u>. In the Final Award, Plaintiffs were awarded an additional $916,027.09 – representing Plaintiffs' reasonable and recoverable attorneys' fees, costs and expenses in the Arbitration Proceeding – from ProEnergy:

> Accordingly, ProEnergy shall pay to Beumer the sum of $916,027.90. This amount is in addition to the sums previously awarded in the Interim Award dated July 27, 2016 as amended and corrected in the Interim Amended Order dated September 14, 2016.

Exh. D, p. 2

27.     Accordingly, pursuant to the Interim Amended Award and Final Award, ProEnergy is obligated to pay plaintiffs the principal sum of $1,807,409.62. Western Surety is also jointly obligated, along with ProEnergy, to pay $891,382.53 of this amount.

28.     The parties received electronic copies of the Final Award, via e-mail from the AAA, on November 18, 2016.

29.     To date, neither ProEnergy nor Western Surety has tendered payment to Plaintiffs. Indeed, based on ProEnergy's response to Plaintiffs' inquiries, there is some doubt whether ProEnergy and/or Western Surety will honor and voluntarily comply with the arbitration awards. Hence, it is necessary to confirm and obtain the entry of judgment on the Final Award to enable Plaintiffs to commence execution proceedings.

30.     Under Missouri law, interest has been accruing on the Interim Amended Award at the rate of nine percent (9%) per annum since September 14, 2016. RSMo § 408.020. As of November 30, 2016, the accrued interest totals $16,924.06 and will continue to increase at the rate of $219.79 per day until such award is satisfied.

31.     Likewise, interest has been accruing on the Final Award at the rate of nine percent (9%) per annum since November 18, 2016. *Id*. As of November 30, 2016, the accrued interest on this award totals $2,710.44 and will continue to increase at the rate of $225.87 per day until such award is satisfied.

### III.    FINALITY AND ENFORCEMENT OF ARBITRATION AWARD

32.     "Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The summary nature of the confirmation process is

consistent with the arbitration's role as a mechanism for achieving the speedy and efficient resolution of disputes. *Florasynth*, 750 F.2d at 177. Hence, "confirmation of an arbitration award is mandatory unless the award is vacated, modified or corrected." *Val-U-Const. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 582 (8th Cir. 1998).

33. Neither ProEnergy nor Western Surety has sought to seek to vacate, modify, correct, or otherwise appeal the Award of Arbitrator. Indeed, defendants do not have good faith basis to do so because none of the factors set forth in 9 U.S.C. §§ 10-11 are present in this case.

34. Pursuant to the terms of the underlying Agreements and the Federal Arbitration Act, this Court is both authorized and required to confirm the Final Award, which incorporates the Interim Amended Award, and enter judgment in favor of Plaintiffs accordingly.

**WHEREFORE**, for the above and foregoing reasons, and for good cause shown, the Court should grant Plaintiffs' motion and issue an order that:

(i) confirms the Final Award entered by arbitrator Gregory Cokinos in this matter on November 18, 2016;

(ii) enters judgment in favor of Plaintiffs, and against ProEnergy and Western Surety, jointly and severally, in the principal sum of $891,382.53, plus post-award interest on this amount at the rate of nine percent (9%) per annum since September 14, 2016, which totals $16,924.06 as of November 30, 2016 and will increase at the rate of $219.79 per day thereafter;

(iii) enters judgment in favor of Plaintiffs and against ProEnergy in the principal sum of $916,027.09, plus post-award interest on this amount at the rate of nine percent (9%) per annum since November 18, 2016, which totals $2,710.44 as of November 30, 2016 and will increase at the rate of $225.87 per day thereafter;

(iv) awards Plaintiffs the costs of this action; and

(v) awards Plaintiffs such additional relief the Court deems just and equitable.

Dated: November 30, 2016

        Respectfully submitted,

        _____
        Jeffrey A. Kennard        MO #46689
        SCHARNHORST AST KENNARD GRIFFIN, PC
        1100 Walnut Street, Suite 1950
        Kansas City, MO 64106-2197
        Tel: (816) 268-9400
        Fax: (816) 268-9409
        Email: jkennard@sakg.com
        *Counsel for Plaintiffs*